**Felipe MORALES, Petitioner,**

v.

**The CITY OF NEW YORK, Det. Theodore Campbell, and P.O.s John and Jane Doe # 1–10, Respondent.**

**No. 05–4992–cv.**

United States Court of Appeals, Second Circuit.

Dec. 19, 2006.

Rose M. Weber, New York, NY, for Petitioner.

Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. RALPH K. WINTER and Hon. PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

Plaintiff–Appellant Felipe Morales appeals from a July 29, 2005, judgment of the United States District Court for the Southern District of New York (Sidney H. Stein, J) granting summary judgment to defendants. We assume the parties' familiarity with the facts, the procedural history, and the scope of the issues presented on appeal.

Morales brought this action under 42 U.S.C. § 1983, alleging that defendants vi-

olated his constitutional rights through false arrest, malicious prosecution, and malicious abuse of process. The District Court granted summary judgment in favor of defendants on the ground that Detective Campbell was entitled to qualified immunity because probable cause existed to arrest Morales for violating an order of protection, and because there was no evidence to support Morales's claims of malicious prosecution, malicious abuse of process, or other constitutional violations.

We review a district court's award of summary judgment de novo. *Cellular Tel. Co. v. Town of Oyster Bay*, 166 F.3d 490, 492 (2d Cir.1999). Summary judgment is appropriate where there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *D'Amico v. City of New York*, 132 F.3d 145, 149 (2d Cir.1998).

Campbell moved for summary judgment on the basis of qualified immunity and thus may prevail if he had "arguable" probable cause to arrest Morales. *See Saucier v. Katz*, 533 U.S. 194, 206, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). Probable cause exists given reasonably trustworthy information that would lead a person of reasonable caution to believe a crime has occurred. *Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir.2000). An officer is entitled to qualified immunity if there is arguable probable cause, which exists if it was objectively reasonable for the officer to believe that there was probable cause, or if officers of reasonable competence could disagree as to the existence of probable cause. *Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir.2004).

We agree with the district court that arguable probable cause existed in the present case. The arresting officer was presented with a filed complaint alleging a violation of an order of protection, a complainant attesting in person to the violation and seeking to press charges, and a copy of the protection order prohibiting the charged conduct, although not explicitly referencing third-party contact. In addition, the officer called the district attorney's office and reviewed the protection order over the phone before placing Morales under arrest.

We have considered each of Morales's remaining claims, and conclude they are without merit, substantially for the reasons stated in the District Court's thorough decision. Accordingly, the judgment of the District Court is hereby **AFFIRMED.**